SENTENCIA
Se nos solicita la revisión de una sentencia emitida por el Tribunal de Apelaciones, Región Judicial de San Juan, que denegó la expedición de un auto de certiorari por en-tender que su intervención desvirtuaría la naturaleza su-maria del procedimiento de reclamación laboral que pen-día ante el Tribunal de Primera Instancia, Sala Superior de San Juan. Veamos los hechos acaecidos que originan el recurso.
I
El 21 de octubre de 1978, el Sr. Ángel Joglar Suárez (causante o padre) falleció habiendo otorgado un testa-mento ológrafo, que fue debidamente protocolizado me- *719 diante Escritura Núm. 3 de 19 de julio de 1983.(1) El cau-sante instituyó como herederos únicos y universales en la legítima forzosa a sus cuatro hijos. Además, designó como legatarios a sus hijos María Eugenia Joglar Suárez (Sra. Eugenia Joglar Suárez), María Margarita Joglar Suárez (Sra. Margarita Joglar Suárez y, en conjunto, las herma-nas) y Angel Joglar Suárez (Sr. Angel Joglar Suárez) con cargo al tercio de mejora y libre disposición en inmuebles específicos, entre los cuales se encontraba el estableci-miento comercial Parking Santa Rita. El Sr. José Antonio Joglar Suárez (el peticionario) fue excluido del legado.
El 12 de diciembre de 1980, el peticionario vendió su participación hereditaria en el caudal de su padre, en par-tes iguales, a sus dos hermanas, la Sra. Eugenia Joglar Suárez y la Sra. Margarita Joglar Suárez por la cantidad de $66,000.(2)
El 15 de junio de 1995, el Sr. Juan Arroyo Camacho (señor Arroyo Camacho) y la Sra. Aleja del Valle Trinidad (señora Valle Trinidad y, en conjunto, los querellantes) pre-sentaron una querella contra la Sucesión Ángel Joglar Suárez (Sucn. Joglar).(3) El señor Arroyo Camacho alegó, entre otras cosas, que comenzó a trabajar en el Parking Santa Rita desde 1960 y que tenía un horario de trabajo de once horas diarias, seis días a la semana sin hora disponi-ble para almuerzo. Indicó, además, que el 1 de abril de 1995 lo enviaron de vacaciones por dieciocho días y que a su regreso le informaron que no se reportara a trabajar, sino que acudiera al Fondo del Seguro del Estado. Señaló, además, que siguió acudiendo a trabajar al “Parking Santa Rita”, pero que no se le permitía, ya que desde el 1 de abril de 1995 laboraban allí dos personas nuevas. La señora Va-lle Trinidad alegó, por su parte, que comenzó a trabajar en el Parking Santa Rita a principios de 1982, como ayudante *720 del señor Arroyo Camacho, su esposo. Indicó, además, que el 20 de abril de 1995 fue separada de su empleo sin razón o justificación alguna. Señaló que adoptaba por referencia y hacía suyas las alegaciones de la causa de acción del señor Arroyo Camacho. Ambos querellantes alegaron que se les adeudaba, por separado, la cantidad de $203,673.20 y dicha cantidad por partida doble conforme lo establece la ley.
El 31 de agosto de 1995, la Sucn. Joglar presentó ante el Tribunal de Primera Instancia su Contestación a la Querella.(4) Alegó, entre otras cosas, que se le pagaron a los querellantes todas las horas que habían trabajado. Sos-tuvo, además, que nunca se le exigió a los querellantes trabajar durante el período de alimentos. Indicó, además, que a los querellantes nunca se les separó de su empleo.
El 1 de enero de 1997 falleció la Sra. María Juana Suá-rez, viuda de Joglar (madre), habiendo otorgado testa-mento ológrafo, que fue debidamente protocolizado me-diante la Escritura Núm. 5 de 10 de mayo de 1999.(5) La madre instituyó como herederos únicos y universales en la legítima forzosa a sus cuatro hijos. Designó como legata-rios á tres de sus hijos, con cargo al tercio de mejora y libre disposición en inmuebles específicos, entre los cuales se encontraba el Parking Santa Rita. El peticionario fue ex-cluido de dicho legado.
Luego de varios incidentes procesales, el 13 de agosto de 1999, las partes presentaron ante el Tribunal de Primera Instancia el Informe de Conferencia Preliminar entre Abogados. (6)
El 24 de noviembre de 1999 las partes presentaron un Informe Enmendado de Conferencia Preliminar entre Abogados.(7)
*721 En el 2000 falleció el Sr. Ángel Joglar Suárez, hijo, de-jando como su única y universal heredera a su hermana, la Sra. Margarita Joglar Suárez.(8)
El 19 de marzo de 2002, el peticionario vendió sus dere-chos en la herencia de su madre a sus dos hermanas.
El 11 de marzo de 2003, el peticionario presentó ante el Tribunal de Primera Instancia su Moción de Desestima-ción y/o Sentencia Sumaria en Cuanto al Co-Demandado José A. Joglar Suárez.(9) Alegó, entre otras cosas, que desde el 12 de diciembre de 1980, él no formaba parte de la Sucn. Joglar por haber vendido sus derechos hereditarios a sus hermanas. Indicó, además, que nunca participó en la operación del Parking Santa Rita ni recibió cantidad al-guna de sus ingresos, ya que no formaba parte de la Sucn. Joglar por la venta que hizo de su participación. Solicitó que se desestimara la querella presentada en cuanto a su persona.
El 27 de marzo de 2003, los querellantes presentaron ante el Tribunal de Primera Instancia la Réplica a Moción de Desestimación y/o Sentencia Sumaria en cuanto a Co-Demandado José A. Joglar Suárez. Alegaron, entre otras cosas, que el hecho de que el peticionario haya vendido su participación hereditaria a otros herederos no lo convertía en un extraño a la sucesión en una reclamación de terceros contra ésta. Argüyeron, además, que el peticionario era miembro de la Sucn. Joglar, aún después de haber vendido su participación hereditaria en 1980. Indicaron, además, que el peticionario nunca repudió las herencias de su padre o madre, siendo esta la única , circunstancia legal que lo relevaría de ser miembro de ellas.
El 15 de abril de 2003, la Sra. Eugenia Joglar Suárez presentó, ante el Tribunal de Primera Instancia, la Réplica a Moción de Sentencia Sumaria y Solicitud sobre Proce- *722 dencia de Archivo. (10) Alegó, entre otras cosas, que el peti-cionario presentó una petición de quiebra antes de la muerte de la madre y éste tenía que informar al Tribunal de Quiebras sobre la existencia de la herencia. Además, el síndico tenía que abandonar las posibles acciones de nive-lación o la demanda contra coparte, o cualquier otra que podía instar el peticionario desde la muerte de su madre. Sin embargo, el peticionario no solicitó la autorización ni el síndico abandonó la causa de acción, por lo cual éste no puede instar una reclamación contra sus hermanas. Soli-citó que se dictara sentencia para archivar la causa de ac-ción y se le impusieran sanciones.
El 24 de julio de 2003, el peticionario presentó ante el Tribunal de Primera Instancia el Memorando del Co-Querellado José A. Joglar, Conteniendo Solicitud de Deses-timación y Sentencia Sumaria.(11) Alegó, entre otras cosas, que es a sus hermanas a quienes les correspondían la res-ponsabilidad de las obligaciones del legado del Parking Santa Rita. Indicó, además, que aunque él formó parte de la sucesión de su madre, no fue designado como legatario del Parking Santa Rita. De existir alguna responsabilidad del peticionario como consecuencia de ser heredero de la sucesión de la madre, su responsabilidad sería solamente en proporción a su participación en el caudal relicto de ésta. Argüyó, además, que no tenía responsabilidad de in-formar en el caso de quiebras su participación en el caudal relicto de su madre.
El 25 de agosto de 2003, el peticionario presentó ante el Tribunal de Primera Instancia la Moción para Solicitar Au-torización de Demanda contra Coparte y la Demanda Contra Coparte. (12) Alegó, entre otras cosas, que le interesaba presentar una demanda contra coparte contra María Margarita, María Eugenia y Angel, todos de apellidos Joglar *723 Suárez, si en su día el tribunal determinase que él fuese responsable del pago de alguna cantidad de dinero a los querellantes.
El 3 de septiembre de 2003, la Sra. Eugenia Joglar pre-sentó ante el Tribunal de Primera Instancia una Tercera Moción Solicitando se Dicte Sentencia y Desestime la De-manda Contra Coparte por Falta de Jurisdicción Sobre Dicha Alegación.(13) Alegó, entre otras cosas, que el peticiona-rio ocultó al Tribunal de Quiebras las herencias de padre y madre, además de la reclamación laboral que existía al momento de presentar la petición de quiebras. Argüyó, además, que el peticionario no tenía legitimación activa para reclamar cantidad alguna contra sus hermanas. In-dicó, además, que el Tribunal de Primera Instancia no te-nía jurisdicción para atender la reclamación contra coparte instada, ya que ésta acción era prerrogativa del síndico del peticionario. Al no informar el activo al Tribunal de Quie-bras, no tenía derecho a reclamar en el Tribunal de Pri-mera Instancia. Solicitó que el Tribunal de Primera Ins-tancia se declarara sin jurisdicción y ordenara al peticionario divulgar su herencia y reclamación laboral al Tribunal de Quiebras.
El 30 de septiembre de 2003, la Sra. Margarita Joglar Suárez presentó ante el Tribunal de Primera Instancia la Contestación a la Demanda Contra Coparte y Moción de Desestimación de Dicha Demanda.(14) Alegó, entre otras co-sas, que el peticionario siempre fue miembro de la Sucn. Joglar.
El 5 de diciembre de 2003, el peticionario presentó ante el Tribunal de Primera Instancia una Oposición a Moción Solicitando Igual Remedio que Otras Mociones Anteriores.(15) Solicitó que se desestimara con perjuicio la ac-ción en su contra.
*724 El 23 de enero de 2004, el Tribunal de Primera Instan-cia, mediante una Sentencia Parcial, tuvo por desistidos a los querellantes, en cuanto a las Sras. Margarita Joglar Suárez y Eugenia Joglar Suárez, ya que habían llegado a un acuerdo confidencial. Se dispuso, además, que el caso continuaría en torno al peticionario.
El 27 de febrero de 2004, el Tribunal de Primera Instan-cia emitió una Sentencia Parcial Enmendada Nunc Pro Tunc.(16) El tribunal enmendó la sentencia de 23 de enero de 2004, con el único fin de añadirle la certificación de finalidad dispuesta por la Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III, para los casos de partes múltiples en las que el pleito finaliza anticipadamente para alguna de las partes.
Inconforme, el peticionario presentó ante el Tribunal de Apelaciones una apelación. Alegó, entre otras cosas, que el Tribunal de Primera Instancia erró al dictar una sentencia parcial final sin haber resuelto las cuestiones planteadas en sus mociones de desestimación y de sentencia sumaria. Argüyó, además, que erró el Foro de Primera Instancia al dictar sentencia parcial final sin antes requerir la sustitu-ción de los dos coquerellados fallecidos en el pleito y al denegar la moción que solicitaba la copia de los acuerdos confidenciales entre los querellantes y las Sras. Margarita Joglar Suárez y Eugenia Joglar Suárez.
El 29 de octubre de 2004, notificado el 3 de noviembre de 2004, el Tribunal de Apelaciones emitió una senten-cia.(17) Sostuvo, entre otras cosas, que el que no se hubiera adjudicado antes la moción de sentencia sumaria no operó en detrimento de los derechos del peticionario. La senten-cia apelada meramente permitió el desistimiento de la que-rella con respecto a dos de las querelladas. Si el peticiona-rio era.patrono o no de los querellantes, no depende de que las hermanas Joglar Suárez permanezcan como partes en *725 el pleito. Igualmente, en vista de que el caso ya se había prolongado por un período aproximado de diez años, or-denó al Foro de Primera Instancia resolver la moción de desestimación y sentencia sumaria del peticionario en un período máximo de veinte días.
El 1 de junio de 2005, notificada el 15 de junio de 2005, el Tribunal de Primera Instancia emitió una resolución.(18) Sostuvo, entre otras cosas, que el peticionario continuaba siendo heredero de la Sucn. Joglar, ya que los hechos que dieron lugar a la demanda de los querellantes ocurrieron en vida del causante Angel Joglar Suárez y su esposa. In-dicó, además, que hasta tanto el peticionario no acreditara al tribunal que puso en conocimiento al síndico a cargo de su caso de quiebras, de los hechos que podían dar lugar a la presentación de la demanda que pretendía instar, no auto-rizaba su presentación. Procedió a declarar “no ha lugar” la moción de desestimación y sentencia sumaria presen-tada por el peticionario.
Inconforme, el 14 de julio de 2005, el peticionario pre-senta ante el Tribunal de Apelaciones un certiorari.(19) Alegó, entre otras cosas, que erró el Tribunal de Primera Instancia al determinar que él tenía responsabilidad como heredero de la reclamación objeto de la demanda presen-tada por los querellantes. Argüyó, además, que erró el Foro de Primera Instancia al no admitir la demanda contra co-parte para traer al resto de los herederos, en caso de que se le determinara responsabilidad frente a los querellantes.
El 27 de diciembre de 2005, notificada el 5 de enero de 2006, el Tribunal de Apelaciones emitió una Sentencia.(20) Sostuvo, entre otras cosas, lo siguiente:
Este caso se ha prolongado en exceso, desvirtuándose el ca-rácter del procedimiento sumario para reclamaciones *726 laborales. Los planteamientos levantados por el peticionario no son propios de un procedimiento de esta naturaleza. Este no es un caso que amerite continuar desvirtuando el proceso con nuestra intervención revisando una orden interlocutoria. Tampoco es el caso extremo, en el cual el fin de la justicia requiera nuestra intervención para disponer del caso o per-mita su pronta disposición o porque la revisión inmediata tenga el efecto de evitar una grave injusticia.
Por los fundamentos antes expresados, se deniega el recurso solicitado y se devuelve el caso para la continuación expedita de los procedimientos. Apéndice de la Petición de certiorari, págs. 12-13.
El 20 de enero de 2006, el peticionario presentó ante el Tribunal de Apelaciones la Moción de Reconsideración, la cual fue decretada “no ha lugar” en la Resolución notifi-cada el 1 de febrero de 2006.(21)
Insatisfecho, el peticionario, acude ante nos mediante una Petición de certiorari, págs. 9-17, para alegar la comi-sión de los errores siguientes:
A. ERRÓ EL HONORABLE TRIBUNAL DE APELACIO-NES AL DETERMINAR QUE EL PRESENTE CASO ERA UNO BAJO EL PROCEDIMIENTO SUMARIO ESTABLE-CIDO EN LAS DISPOSICIONES DE LA LEY NÚM. 2 DE 1969, POR LO QUE TENÍA JURISDICCIÓN LIMITADA EN TORNO A LAS DETERMINACIONES INTERLOCUTO-RIAS, LIMITANDO SU INTERVENCIÓN A CUANDO LA RESOLUCIÓN SE HAYA DICTADO SIN JURISDICCIÓN, O EN CASOS EXTREMOS EN LOS CUALES LOS FINES DE LA JUSTICIA REQUIERAN LA INTERVENCIÓN PORQUE ÉSTA PUEDA DISPONER DEL CASO O PERMITA SU PRONTA DISPOSICIÓN, O CUANDO LA REVISIÓN INME-DIATA TENGA EL EFECTO DE EVITAR UNA GRAVE INJUSTICIA.
B. ERRÓ EL HONORABLE TRIBUNAL DE APELACIO-NES AL RESOLVER QUE LA RECLAMACIÓN DE LA PARTE QUERELLANTE RECURRIDA, JUAN ARROYO CAMACHO Y ALEJA DEL VALLE TRINIDAD, FUE HERE-DADA POR LA PARTE AQ UÍ RECURRENTE.
C. ERRÓ EL TRIBUNAL DE APELACIONES AL OBVIAR EN SU SENTENCIA, EL CONSIDERAR LA DETERMINA- *727 CIÓN DEL TPI EN EL CASO DE HERENCIA. (Énfasis suplido.)
Con el beneficio de la comparecencia de las partes, esta-mos en posición de resolver los asuntos traídos ante nues-tra consideración.
II

Revocamos la sentencia emitida por el Tribunal de Ape-laciones y devolvemos el caso al Tribunal de Primera Ins-tancia para que continúen los procedimientos en conformidad con lo aquí resuelto.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Rivera Pérez emitió una opinión de conformidad. El Juez Asociado Señor Rebo-llo López no interviene.
(Fdo.) Aida Ileana Oquendo Graulau

Secretaria del TribunalSupremo

 Apéndice de la Petición de certiorari, págs. 89-100.

 Íd., págs. 101-107.

 Íd., págs. 78-84.

 Íd., págs. 85-88.

 Íd., págs. 108-112.

 Íd., págs. 113-136.

 Íd., págs. 137-161.

 Íd., pág. 66.

 Íd., págs. 165-167.

 Íd., págs. 211-220.

 Íd., págs. 168-172.

 Íd., págs. 221-224.

 Íd., págs. 235-239.

 Íd., págs. 228-231.

 Íd., págs. 232-234.

 Íd., págs. 244-245.

 Íd., págs. 246-258.

 Íd., págs..55-63.

 Íd., págs. 28-286.

 Íd., págs. 3-13.

 Íd., págs. 14-24 y 25-27.